UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DAVIS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MONIQUE BOOTH ET AL.<br><br>　　　　　　　　　　Defendants. | Case No.: 19-cv-01538-AJB-MSB<br><br>**ORDER:**<br><br>**(1) DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE (Doc. No. 1);**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT (Doc. No. 2); AND**<br><br>**(3) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL AS MOOT (Doc. No. 3.)** |

Presently before the Court is John Davis's ("Plaintiff") motion to proceed in forma pauperis ("IFP") and motion to appoint counsel. (Doc. Nos. 2–3.) For the reasons set forth below, the Court **DISMISSES** Plaintiff's complaint **WITH PREJUDICE**, **DENIES** Plaintiff's IFP motion **AS MOOT**, and **DENIES** Plaintiff's request for appointment of counsel **AS MOOT**.

## I. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2), when reviewing an IFP motion, the Court must rule on its own motion to dismiss before the complaint is served. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). When an individual seeks to proceed in forma pauperis, the Court is required to review the complaint and must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

In order to survive a motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court may dismiss claims that fail to comply with Rule 8's requirement that claims be simple, concise, and direct. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (citing Fed. R. Civ. P. 8(e)); *Lopez*, 203 F.3d at 1127 ("[§] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim"). Accordingly, the Court "may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts . . . ." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (citation omitted). A complaint which is argumentative, prolix, replete with redundancy, and largely irrelevant does not meet Rule 8's requirement of simplicity, directness, and clarity. *Id.* at 1177–78. Furthermore, if the court determines that a claim lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Here, it is unclear what causes of action Plaintiff is alleging due to the lack of short and plain statements with legally relevant facts regarding his claim for relief. Plaintiff's complaint is so convoluted and difficult to read that the Court must strain to determine whether Plaintiff may have any meritorious claims. A complaint that lacks "simplicity, conciseness and clarity as to whom [a plaintiff is] suing and for what wrongs, fails to perform the essential functions of a complaint." *See McHenry*, 84 F.3d at 1178. The Ninth Circuit has further held that a complaint may be dismissed with prejudice for failure to comply with the requirements of Rule 8. *See id.* As such, the Court may dismiss the complaint on this basis alone.

However, in any event, from what the Court can glean from Plaintiff's complaint, Plaintiff does not have a claim for relief in this Court. First, Plaintiff appears to be seeking the return of all retroactive child support payments made to Defendant Booth, and for this Court to vacate Plaintiff's child support order. (Doc. No. 1 at 7.) Plaintiff argues he is entitled to a return of his child support payments because the family court did not consider Defendant Booth's welfare fraud and perjury convictions. (Doc. No. 1 at 1.) But under the *Rooker-Feldman* doctrine, federal district courts are barred from reviewing state court decisions regarding proceedings in family court. *See, e.g.*, *Moore v. County of Butte*, 547 Fed. App'x. 826, 829 (9th Cir. 2013) (finding a plaintiff's claims challenging the outcome of custody proceedings were properly dismissed); *Rucker v. County of Santa Clara, State of California*, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) (finding the plaintiff's claims were "inextricably intertwined" with the state court's rulings where the plaintiff "challenge[d] his original child support order on jurisdictional grounds, dispute[d] his total child support arrearages, and allege[d] that Santa Clara County's garnishment order against his disability benefits payments is invalid"); *see also Ignacio v. Judges of U.S. Court of Appeals*, 453 F.3d 1160, 1165–66 (9th Cir. 2006) (affirming the district court's dismissal of the case "because the complaint is nothing more than another attack on the California superior court's determination in [the plaintiff's] domestic case"). Accordingly, because this Court may not disturb the family court's order, the Court is unable to grant Plaintiff

the relief requested.

Second, this Court does not have either federal question jurisdiction or diversity jurisdiction over Plaintiff's claims for relief. Generally, "[f]ederal jurisdiction typically exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). In addition to his claim for the return of child support payments, Plaintiff additionally appears to allege fraud under California law against Defendants Booth, the San Diego & San Francisco County Child Support Departments, and San Diego County Health & Human Services[1] for failure to disclose to the family court that Defendant Booth, the custodial parent, was convicted of welfare fraud and perjury. (*Id.* at 2.) Thus, upon review of the complaint, the Court does not find that Plaintiff's complaint presents a federal question for this Court's adjudication because Plaintiff's claims solely arise under California law.[2]

Furthermore, Plaintiff fails to prove that the parties are diverse or that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Complete diversity means the parties must be "citizens of different States." *Id.* at (a)(1). Here, both Plaintiff and Defendant Booth are citizens of California. (Doc. No. 1 at 3.) And, Plaintiff's prayer for relief asks the Court to vacate the child support award with "the principle balance of $15,000 and interest of $15,700" and for the return of $2,046 in retroactive child support payments. These amounts do not demonstrate that the amount in controversy exceeds $75,000. Thus,

---

[1] Additionally, the Court notes that the defendant entities are all state agencies entitled to sovereign immunity under the Eleventh Amendment. *Greenlaw v. Cty. of Santa Clara*, 125 F. App'x 809, 810 (9th Cir. 2005).

[2] To the extent Plaintiff asserts violations of the United States Constitution, Plaintiff's complaint must still be dismissed for lack of jurisdiction. Specifically, Plaintiff's prayer for relief states that "Due Process and Equal Protection of the Law were violated due to the concealment of" Defendant Booth's criminal convictions. (Doc. No. 1 at 7.) However, under the *Rooker–Feldman* doctrine, a federal district court's jurisdiction to hear a particular constitutional challenge depends on whether the constitutional claim is "inextricably intertwined" with the state court's ruling in a state court action. *See Rucker*, 2003 WL 21440151, at *2. Here, the constitutional challenges to the child support order necessarily require review of the state court's decision to order child support payments. As such, because Plaintiff's claims are "inextricably intertwined" with the state court's ruling, this Court does not have jurisdiction to review Plaintiff's claims.

Plaintiff fails to establish diversity jurisdiction as well.

## II. CONCLUSION

For the foregoing reasons, the Court **DISMISSES WITH PREJUDICE** Plaintiff's complaint, **DENIES AS MOOT** Plaintiff's motion to proceed in forma pauperis, and **DENIES AS MOOT** Plaintiff's motion to appoint counsel. The Clerk of Court is directed to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: October 18, 2019

Hon. Anthony J. Battaglia
United States District Judge